# UNITED STATES DISTRICT COURT
# EASTERN DISTRICT OF WISCONSIN

ZEFERINO REYES-SANCHEZ,

        Petitioner,

  vs.                                         Case No. 04-C-1021

GARY R. MCCAUGHTRY,
**Warden of Waupun Correctional Institution,**

        Respondent.

## DECISION AND ORDER

On October 19, 2004, the *pro se* petitioner Zeferino Reyes-Sanchez ("Reyes-Sanchez"), incarcerated at the Waupun Correctional Institution ("WCI") pursuant to a 180-year sentence (120-years of incarceration, followed by 60 years of extended supervision) imposed by the Circuit Court of Milwaukee County, Wisconsin for party to the crime of first degree sexual assault and kidnaping, filed a petition for a writ of habeas corpus pursuant to 28 U.S.C. § 2254, against the respondent WCI Warden, Gary R. McCaughtry ("McCaughtry").[1] He also filed a motion for appointment of counsel.

---

[1] By his petition, Reyes-Sanchez challenges the judgment of conviction on the grounds that: (1) he had ineffective assistance of trial counsel, (2) his conviction was obtained by the use of a coerced confession, and (3) the Milwaukee County Circuit Court had no jurisdiction to convict and to sentence him. Reyes-Sanchez states that he is a Mexican National. The grounds he asserts involve the Article 36 of the Vienna Convention. *See* Vienna Convention on Consular Relations, April 24, 1963, art. 36, 21 U.S.T. (providing that authorities shall inform an arrested individual "without delay" of his right to communicate with the consular post of his home country).

Having reviewed the petition pursuant to Rule Four of the Rules Governing Section 2254 Cases in the United States District Courts, in an October 25, 2005, decision and order, the Court determined that Reyes-Sanchez is "in custody" pursuant to the conviction he challenges and his contentions raise claims of violations of Constitution and/or a treaty of the United States. However, the Court also considered § 2254(b)'s requirement that "[a]n application for a writ of habeas corpus . . . shall not be granted unless it appears that the applicant has exhausted the remedies available in the courts of the State . . . or the existence of circumstances rendering such process ineffective to protect the rights of the prisoner," and determined that, although Reyes-Sanchez had apparently exhausted his state remedies as to grounds one and two (ineffective assistance of counsel and his conviction was obtained by a violation of his right against self-incrimination), there was no indication that Reyes-Sanchez had presented ground three to the Wisconsin courts. Determining that Reyes-Sanchez might be able to raise the unexhausted claim of ground three before the Wisconsin courts and to ensure that Reyes-Sanchez's petition would not be barred by the one-year rule of 28 U.S.C. § 2244(d)(1)(a), this Court stayed the action until Reyes-Sanchez informed the Court that he had exhausted ground three or that he did not intend to proceed with that ground and requested dismissal of that ground. *See Freeman v. Page*, 208 F.3d 572, 577 (7th Cir. 2000).

By recent letter, Reyes-Sanchez advises that he was denied counsel on ground three (violation of Article 36 of the Vienna Convention by the Milwaukee County Circuit Court had no jurisdiction to convict and to sentence Reyes-Sanchez), and he requests that the Court allow him to proceed on grounds one and two of his petition: ineffective assistance of trial counsel, and

his conviction was obtained by the use of a coerced confession. The Court construes Reyes-Sanchez's statement as a request to dismiss ground three – the unexhausted ground. Therefore, ground three is dismissed. McCaughtry shall file an answer to grounds one and two of Reyes-Sanchez's petition by November 10, 2005.

Reyes-Sanchez also seeks appointment of counsel. A threshold requirement is that Reyes-Sanchez demonstrate that he is unable to retain counsel on his own. Toward that end, any civil litigant who requests appointment of counsel must submit financial information to the Court. If Reyes-Sanchez intends to pursue his request for court-appointed counsel, he must complete and file the enclosed form "Application to Proceed Without Prepayment of Fees and Affidavit."

Further, there is no right to counsel in a federal habeas corpus proceeding. *Wright v. West*, 505 U.S. 277, 293 (1992); *Pennsylvania v. Finley*, 481 U.S. 551, 556 (1987). Appointing counsel for pro se petitioners in habeas corpus cases is a power commended to the discretion of the district court in all but the most extraordinary circumstances. *Winsett v. Washington*, 130 F.3d 269, 281 (7th Cir. 1997) (quoting 18 U.S.C. § 3006A(a)(2)(B) ("Whenever . . . the court determines that the interests of justice so require, representation may be provided for any financially eligible person who . . . is seeking relief under section . . . 2254 . . . of title 28."). The court of appeals reviews the district court's refusal to appoint counsel, under an abuse of discretion standard and will reverse only if, given the difficulty of the case and the litigant's ability, the petitioner could not obtain justice without an attorney, he could not obtain a lawyer on his own, and he would have had a reasonable chance of winning with a lawyer at his side.

–3–
Case 2:04-cv-01021-WEC   Filed 10/06/05   Page 3 of 5   Document 9

*Winsett*, 130 F.3d at 281. At this juncture, the criteria for appointment of counsel under § 3006A have not been satisfied.

Counsel may also be appointed in a habeas corpus proceeding pursuant to 28 U.S.C. § 1915(d). Here, Reyes-Sanchez has not demonstrated that he is entitled to appointment of counsel under that statute. The first hurdle for appointment of counsel is indigency. Section 1915(d) also requires a threshold inquiry into the indigent's efforts to secure counsel. *Jackson v. County of McLean*, 953 F.2d 1070, 1071 (7th Cir. 1992). This requires the indigent to disclose the names of attorneys, law firms, or legal services agencies he has contacted in an effort to secure representation and the dates of the contacts. Reyes-Sanchez's motion for appointment of counsel does not include such information. Additionally, at this juncture of the proceedings, based on Reyes-Sanchez's submissions, it appears that he is competent to litigate his motion under § 2254 with the available resources and that the presence of counsel will not be outcome determinative. *See Farmer v. Hass*, 990 F.2d 319, 322 (7th Cir. 1993). Therefore, Reyes-Sanchez's motion for appointment of counsel is denied without prejudice.

**NOW, THEREFORE, BASED ON THE FOREGOING, IT IS HEREBY ORDERED THAT:**

The stay of this action is **LIFTED**;

Ground three of the petition is **DISMISSED**;

The Clerk of Court **SHALL** serve a copy of Reyes-Sanchez's petition upon McCaughtry; McCaughtry **SHALL** file an answer to grounds one and two of the petition **no later than November 10, 2005**;

Such answer **SHALL** conform to the requirements of Rule 5 of the Rules Governing Section 2254 Cases in the United States District Court.

Reyes-Sanchez's motion for appointment of counsel is **DENIED** without prejudice.

Dated at Milwaukee, Wisconsin this 6th day of October, 2005.

**BY THE COURT**

**s/ Rudolph T. Randa**

**Hon. Rudolph T. Randa**
**Chief Judge**