UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF WISCONSIN

ZEFERINO REYES-SANCHEZ,

    Petitioner,

v.                                             Case No. 04-C-1021

PHILLIP KINGSTON,

    Respondent.

**DECISION AND ORDER**

**I. BACKGROUND**

Currently pending before this court is petitioner Zeferino Reyes-Sanchez's ("Reyes-Sanchez") petition for writ of habeas corpus, which was filed pursuant to 28 U.S.C. § 2254 on October 19, 2004. According to his petition, Reyes-Sanchez is serving a 180 year sentence – 120 years incarceration to be followed by 60 years of extended supervision – for violating Wis. Stat. § 940.225(1) (first degree sexual assault), § 940.31(1)(a) (kidnapping), and § 939.05 (party to a crime). The judgment of conviction was entered on August 10, 2001, by the Circuit Court of Milwaukee County, Wisconsin, following a jury trial.[1]

---

[1] According to the respondent's answer, Reyes-Sanchez is also currently serving a sentence of 120 years (two terms of forty years' initial confinement, followed by two terms of twenty years' extended supervision), all to be served consecutive to the Milwaukee County sentence. This sentence stems from a judgment entered on November 7, 2001, in *State v. Reyes-Sanchez*, Waukesha County Circuit Court Case No. 00-CF-4404, by which he was convicted after jury trial of two counts of first-degree sexual assault. However, in his federal habeas corpus petition, Reyes-Sanchez does not challenge this particular judgment and sentence.

1

In his petition, Reyes-Sanchez challenges the judgment of conviction on the grounds that: (1) he had ineffective assistance of trial counsel, (2) his conviction was obtained by the use of a coerced confession, and (3) the Milwaukee County Circuit Court had no jurisdiction to convict and sentence him. Specifically, Reyes-Sanchez states that he is a Mexican National. Running throughout his claims is the underlying theme that his rights under Article 36 of the Vienna Convention were violated. *See Vienna Convention of Consular Relations*, April 24, 1963, art. 36, 21 U.S.T. (providing that authorities shall inform an arrested individual "without delay" of his right to communicate with the consular post of his home country.)

Initially, this case was assigned to the Honorable Rudolph T. Randa, Chief United States District Judge. On October 25, 2004, Chief Judge Randa ordered that the action be stayed until the petitioner had exhausted Ground Three of his habeas petition. Eventually, on October 6, 2005, Chief Judge Randa lifted the stay and ordered that the respondent file an answer to the petition. Thereafter, on October 27, 2005, and upon the consent of the parties, Chief Judge Randa reassigned the case to this court for processing.

After having been granted an extension of time to do so, on November 23, 2005, the respondent filed his answer. Among the assertions set forth by the respondent in his answer is that Reyes-Sanchez's petition for a writ of habeas corpus was filed in untimely fashion under 28 U.S.C. § 2244(d) and that therefore the petition should be dismissed.

In light of the respondent's claim that the petition was filed in untimely fashion, on November 28, 2005, the petitioner was ordered to file a written submission regarding his position on the respondent's claim that his petition was filed in untimely fashion under 28 U.S.C. § 2244(d). The petitioner was ordered to file his written submission on or before December 8, 2005. On

December 5, 2005, the petitioner filed a motion for extension of time to file his written submission. That motion was granted and on January 4, 2006, Reyes-Sanchez filed his response to the respondent's untimeliness assertion. On January 30, 2006, the respondent filed his reply. Accordingly, the issue of the timeliness of Reyes-Sanchez's petition for a writ of habeas corpus has now been fully briefed and is ready for resolution. For the reasons which follow, Reyes-Sanchez's petition will be dismissed for untimeliness.

## II. DISCUSSION

According to the parties' submissions, on March 22, 2002, following his conviction and sentencing, Reyes-Sanchez filed a postconviction motion for new trial and suppression of evidence in the Milwaukee County Circuit Court. The brief accompanying the motion argued that Reyes-Sanchez's trial counsel had been unconstitutionally ineffective in failing to timely, adequately, and sufficiently assert and argue in the trial court that the defendant's rights under Article 36 of the Vienna Convention on Consular Relations had been violated and that physical evidence obtained by the police as well as statements made by the defendant should have been suppressed. On April 3, 2002, the circuit court issued a decision and order denying the postconviction motion.

Reyes-Sanchez appealed his conviction and the denial of his postconviction motion to the Wisconsin Court of Appeals. On December 20, 2002, the court of appeals issued an order affirming Reyes-Sanchez's conviction and the lower court's denial of his postconviction motion. Thereafter, on or about January 15, 2003, Reyes-Sanchez filed a petition for review with the Wisconsin Supreme Court. On February 19, 2003, the supreme court denied Reyes-Sanchez's petition for review.

According to the respondent's answer, on November 15, 2004, Reyes-Sanchez filed with the Milwaukee County Circuit Court a *pro se* motion for postconviction relief under Wis. Stat. §

3

974.06 and a motion for appointment of counsel.

> The motion asserted the following claims: that because Reyes-Sanchez is a Mexican national, the circuit court had no jurisdiction to sentence him without contacting his government; that the kidnapping and sexual assault charges were multiplicitous and violated his right against double jeopardy; that the sentence imposed upon him was harsh and not adequately explained or justified by the court; that he was denied a speedy trial; and that he was deprived of a meaningful defense because he spoke only limited English and his lawyer did not speak Spanish. . . On the same date that his letter was received, a staff attorney for the circuit court sent Reyes-Sanchez a letter . . . advising him that the court did not appoint counsel for § 974.06 motions and suggesting that while the State Public [Defender] did not customarily appoint counsel for such motions, he should contact the public defender to request counsel appointment. The letter further advised Reyes-Sanchez that the court would hold his motion in abeyance for sixty days in order that he have time to tell the court whether he had obtained appointed counsel or had decided not to seek appointment of counsel. The letter ended: "If I do not hear from you within 60 days, or by January 17, 2005, I will assume you no longer wish to pursue your motion." . . . Reyes-Sanchez responded with a letter to the court, received on November 24, 2004, stating that he had written to the public defender . . . but the circuit court file contains no further communication from Reyes-Sanchez and no evidence that his § 974.06 motion was ever submitted to or decided by the circuit court.

(Resp.'s Answer ¶ 8.)

The respondent argues that Reyes-Sanchez's petition for a writ of habeas corpus is untimely. Specifically, citing 28 U.S.C. § 2244(d), the respondent argues that Reyes-Sanchez's petition is barred by the statute of limitations.

Title 28 U.S.C. § 2244(d)(1) provides as follows:

> (d)(1) A 1-year period of limitation shall apply to an application for a writ of habeas corpus by a person in custody pursuant to the judgment of a State court. The limitation period shall run from the latest of —
>
> (A) the date of which the judgment became final by the conclusion of direct review or the expiration of the time for seeking such review;
>
> (B) the date on which the impediment to filing an application created by State action in violation of the Constitution or laws of the United States is removed, if the applicant was prevented from filing by such State action;

4

> (C) the date on which the constitutional right asserted was initially recognized by the Supreme Court, if the right has been newly recognized by the Supreme Court and made retroactively applicable to cases on collateral review; or
>
> (D) the date on which the factual predicate of the claim or claims presented could have been discovered through the exercise of due diligence.

The statute of limitations applies to petitions which, like Reyes-Sanchez's petition, are filed after the effective date of the Antiterrorism and Effective Death Penalty Act (AEDPA), to wit, April 24, 1996. *See Newell v. Hanks*, 283 F.3d 827, 832 (7th Cir. 2002).

As stated previously, Reyes-Sanchez's appeal of his conviction and the denial of his postconviction motion was resolved by the Wisconsin Court of Appeals on December 20, 2002. His petition for review was denied by the Wisconsin Supreme Court on February 19, 2003. Consequently, the date upon which Reyes-Sanchez's judgment of conviction became final, for purposes of the application of § 2244(d)(1)(A), was the last date on which he could have filed, but did not file, a petition for certiorari with the United States Supreme Court. This was ninety days after the Wisconsin Supreme Court denied his petition for review, or May 20, 2003. *See Anderson v. Litscher*, 281 F.3d 672, 674-75 (7th Cir. 2002). This means that the statute of limitations under § 2244(d)(1)(A) would be May 19, 2004. Yet, Reyes-Sanchez's federal habeas corpus petition was not filed until October 19, 2004. This was five months after the statute of limitations, as calculated under § 2244(d)(1)(A),[2] had expired.

To be sure, under 28 U.S.C. § 2244(d)(2), "[t]he time during which a properly filed application for State post-conviction or other collateral review with respect to the pertinent judgment or claim is pending shall not be counted toward any period of limitation under [section 2244]."

---

[2] There is no suggestion by either party that any other subparagraph of § 2244(d) would be applicable to the question of the timeliness of Reyes-Sanchez's petition.

5

However, by the time Reyes-Sanchez filed his second postconviction motion on November 15, 2004, the one-year period of limitation had already expired. Thus, there was nothing for the filing of the second postconviction motion to toll. The one-year period of limitation cannot be tolled by the later filing of a motion or petition seeking collateral relief. *See Tinker v. Moore*, 255 F.3d 1331, 1333 (11th Cir. 2001) ("[A] state court [motion for post-conviction relief] that is filed following the expiration of the federal limitations period 'cannot toll that period because there is no period remaining to be tolled.'") (quoting *Webster v. Moore*, 199 F.3d 1256, 1259 (11th Cir. 2000)); *Williams v. Sims*, 390 F.3d 958, 963 (7th Cir. 2004). Consequently, Reyes-Sanchez's petition for a writ of habeas corpus would appear to be time-barred under the provisions of § 2244(d)(1)(A).

However, Reyes-Sanchez argues that the court should nevertheless entertain his habeas corpus petition. He assert two grounds for such argument.

First, he argues that the respondent waived the issue of untimeliness. Specifically, he asserts the following.

> This petition has been pending before the Court since October 19, 2004. The Respondent has had adequate time and notice to object to or file a motion to dismiss this petition on the issue of timeliness. The Respondent has effectively waived this issue and cannot now, a year later, attempt to avoid meeting the valid legal challenges of Reyes-Sanchez by raising procedural issues that have been waived.

(Pet'r's "Answer to Respondent's Allegation of Untimeliness," at 1.)

However, as the respondent correctly notes, on October 25, 2004, Chief Judge Randa ordered that further action on Reyes-Sanchez's habeas corpus be stayed until he had exhausted ground three of his petition. It was not until the stay was lifted by Chief Judge Randa on October 6, 2005, that the respondent was ordered to file an answer. The defense of untimeliness was raised at respondent's first opportunity to do so, to wit, in the answer which was filed on November 23, 2005.

6

Such being the case, Reyes-Sanchez's argument that the respondent waived the issue of untimeliness must be rejected.

Next, Reyes-Sanchez seems to argue that the time limit set by Congress for the filing of federal habeas corpus petitions cannot apply to him because whatever rights he has under the Vienna Convention "trump" the statutory requirements of § 2244(d). He asserts as follows:

> Article 36, paragraph 2 of the Convention guarantees full effect to the rights of the Nationals of other States that are therein defined. To allow the working of a procedural time limit to deny review would violate the purpose and effect of the Convention's conference of those rights. Reyes-Sanchez, as a Mexican National, has the legitimate expectation that his rights conferred by the Convention would be protected. In sole point of fact Article 14 of our own Constitution virtually demands it. The United States created Reyes-Sanchez's consular rights and guaranteed their "full effect" by entering into the Convention. It cannot now simply ignore those rights without implicating Due Process.

(Pet'r's "Answer to Respondent's Allegation of Untimeliness," at 3.) Reyes-Sanchez further argues that

> [b]oth the Convention and the ICJ [Internal Court of Justice], which has compulsory jurisdiction over the application and interpretation of the Convention, uphold the right to have full weight and effect given to violation of Vienna Convention rights. . . . It is undeniable that Reyes-Sanchez's Vienna Conventions rights were violated. It is only a matter of allowing those violations to be reviewed allowing the "full weight" of those violations to be brought forth. That cannot happen if a procedural time limit as set forth in 28 U.S.C. § 2244(d) is applied. Therefore, the time limit cannot apply in the present case.

(Pet'r's "Answer to Respondent's Allegation of Untimeliness," at 4-5.)

To be sure, federal habeas corpus relief is available to a state prisoner who claims he is being held in custody in violation of a treaty of the United States. More precisely, Title 28 U.S.C. § 2254(a) provides, *inter alia*, that "a district court shall entertain an application for a writ of habeas corpus in behalf of a person in custody pursuant to the judgment of a State court only on the ground

that he is in custody in violation of the Constitution or laws or treaties of the United States." 28 U.S.C. § 2254(a). However, and as noted above, § 2244(d) sets forth the time limits by which federal habeas corpus petitions must be filed, including those petitions which are predicated on a claimed violation of a treaty of the United States.

As previously stated, Reyes-Sanchez claims that he is in custody in violation of the Vienna Convention consular notice provisions. As the Seventh Circuit recently noted in *Jogi v. Voges*, 425 F.3d 367(7th Cir. 2005),

> [s]ince 1969, the United States has been a party to the Vienna Convention on Consular Relations (Vienna Convention), Apr. 24, 1963, 21 U.S.T. 77, T.I.A.S. No. 6820, 596 U.N.T.S. 261, a multilateral treaty. Among other things, the Vienna Convention requires its member states to ensure that a foreign national charged with a violation of host country law knows that he or she has the right to contact an official representative of his or her native country for assistance with legal proceedings.

*Id.* at 369. Article 36 of the Vienna Convention, which is the provision upon which Reyes-Sanchez predicates his claim, reads as follows:

> 1. With a view to facilitating the exercise of consular functions relating to nationals of the sending State:
>
> (a) consular officers shall be free to communicate with nationals of the sending State and to have access to them. Nationals of the sending State shall have the same freedom with respect to communication with and access to consular officers of the sending State;
>
> (b) if he so requests, the competent authorities of the receiving State shall, without delay, inform the consular post of the sending State if, within its consular district, a national of that State is arrested or committed to prison or to custody pending trial or is detained in any other manner. Any communication addressed to the consular post by the person arrested, in prison, custody or detention shall also be forwarded by the said authorities without delay. The said authorities shall inform the person concerned without delay of his rights under this sub-paragraph;
>
> (c) consular officers shall have the right to visit a national of the sending State who

> is in prison, custody or detention, to converse and correspond with him and to arrange for his legal representation. They shall also have the right to visit any national of the sending State who is in prison, custody or detention in their district in pursuance of a judgment. Nevertheless, consular officers shall refrain from taking action on behalf of a national who is in prison, custody or detention if he expressly opposes such action.
>
> 2. The rights referred to in paragraph 1 of this Article shall be exercised in conformity with the laws and regulations of the receiving State, subject to the proviso, however, that the said laws and regulations must enable full effect to be given to the purposes for which the rights accorded under this Article are intended.

Vienna Convention, Art. 36. In *Jogi,* the Seventh Circuit ruled that the Vienna Convention was self-executing; that plaintiff Jogi had an individual right to notification under the Convention; and that there is an implied right of action to enforce an individual's Article 36 rights. Accordingly, the court remanded the case to the district court (which had dismissed Jogi's complaint for lack of subject matter jurisdiction) for further proceedings on Jogi's claim for damages under the Alien Tort Statute (ATS), 28 U.S.C. § 1350, which establishes jurisdiction in the district court over a civil action by an alien for a tort committed in violation of a treaty of the United States.

In doing so, however, the court flagged two issues that it felt were likely to arise on remand. The first issue (and the one which is relevant to Reyes-Sanchez's habeas corpus petition) concerned whether Jogi's claim was barred by the statute of limitations. Specifically, the court described the issue as follows:

> [W]hen exactly did Jogi's claim arise, and did he file suit in time? The statute of limitations is an affirmative defense, see Fed. R. Civ. P 8(c), and so our question about this does not affect the decision about subject matter jurisdiction or his ability to state a claim. Nevertheless, it will be necessary to decide what statute of limitations applies (the two-year statute that federal courts in Illinois borrow for purposes of § 1983 claims, or some other statute), when Jogi's claim accrued, whether the discovery rule applies to his case, and ultimately whether he filed in time.

9

*Jogi*, 425 F.3d at 386. Simply stated, that the Seventh Circuit would acknowledge the applicability of the defense of the statute of limitations to Jogi's claim under the ATS (which claim was predicated on an alleged violation of Jogi's rights under Article 36 of the Vienna Convention) leads to the inescapable conclusion that the federal habeas corpus statute of limitations would similarly be applicable to Reyes-Sanchez's habeas corpus petition, which is predicated on an alleged violation of Reyes-Sanchez's rights under that same article of the Vienna Convention.

As discussed above, Reyes-Sanchez filed his petition on October 19, 2004. This was a full five months after the limitations period set forth in 28 U.S.C. § 2244(d)(1)(A) had expired. It therefore follows that Reyes-Sanchez's habeas corpus petition must be dismissed for untimeliness.[3]

**NOW THEREFORE IT IS ORDERED** that Reyes-Sanchez's petition for a writ of habeas corpus be and hereby is **DISMISSED FOR UNTIMELINESS**;

**IT IS FURTHER ORDERED** that this action be and hereby is **DISMISSED**.

**SO ORDERED** this   2nd   day of February 2006, at Milwaukee, Wisconsin.

/s/ William E. Callahan, Jr.
WILLIAM E. CALLAHAN, JR.
United States Magistrate Judge

---

[3] Even if Reyes-Sanchez's petition had been timely filed, whether habeas corpus relief could be afforded him for an alleged violation of his rights under Article 36 of the Vienna Convention is doubtful. See *Jogi*, 425 F.3d at 379 and the cases cited therein.